**In re MS FREIGHT DISTRIBUTION, INC., a Washington corporation, Debtor.**

**Bankruptcy No. 94–05071.**

United States Bankruptcy Court, W.D. Washington, at Seattle.

Oct. 13, 1994.

Kevin J. Magorien, Kent, WA.

## MEMORANDUM OPINION

KAREN A. OVERSTREET, Bankruptcy Judge.

In this matter, Pacific Northwest Group A ("PNGA") seeks allowance and payment of an administrative claim under 11 U.S.C. § 365(d)(3)[1]. The claim arises out of the debtor's rejection of a Lease Agreement, dated February 1, 1993 (the "Lease"), between the debtor as lessee and PNGA as lessor. PNGA claims that under Section 365(d)(3) it is entitled to payment of all rent accrued under the Lease to the date of rejection, together with late fees, interest, common area maintenance expenses ("CAM charges"), and attorneys fees and costs.

## I. FACTS

The facts are straightforward and not in dispute. The debtor, MS Freight Distribution, Inc., filed its Chapter 11 petition on June 20, 1994. As of that date, PNGA claims the debtor had failed to pay rent due under the Lease for the months of April, May and part of June, 1994. The debtor failed to make any payments to PNGA during the 60-day period referred to in Section 365(d)(1). Consequently, on July 21, 1994, PNGA filed its motion to compel the debtor to comply with Section 365 and for allowance and payment of its administrative expense claim. The debtor responded to the motion by formally rejecting the Lease effective the 60th day following the petition date and agreeing to vacate the property.

After a hearing on PNGA's motion, this Court ordered the debtor to vacate the property by August 19, 1994, and took under advisement the allowance of PNGA's administrative claim in light of the recent decision of the Ninth Circuit Court of Appeals in *In re Pacific–Atlantic Trading Co.*, 27 F.3d 401 (9th Cir.1994).

PNGA has filed a Proof of Claim seeking allowance of a claim consisting of the following amounts:

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

| Prepetition Claim | $20,896.31 |
| Lease rejection claim (pursuant to § 502(b)(6)) | 144,300.00 |
| Administrative claim | 28,382.53 |

PNGA's administrative claim consists of rent, CAM charges, late charges, interest and legal fees incurred during the first 60 days of the case. PNGA further claims that it is entitled to immediate payment of the administrative expense portion of its claim as a *super-priority* payment authorized by Section 365.

The debtor reserved its right to contest the amount of each of the components of PNGA's claim and it disputes PNGA's right to immediate payment. Both parties seek a ruling from the Court as to whether each component of the claim is allowable as an administrative expense under Section 365(d)(3) and whether PNGA is entitled to immediate payment of that portion of the claim.

## II. JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, as it is a core proceeding to determine the allowance of a claim pursuant to 28 U.S.C. § 157(b)(2)(B).

## III. DISCUSSION

A. *Section 365(d)(3).*

Each party cites Section 365(d)(3) in support of its position. Section 365 requires a debtor to timely perform "all the obligations" of the debtor under an unexpired lease of nonresidential real property until the lease is assumed or rejected. Prior to the decision in the *Pacific–Atlantic* case, this Court followed *In re Orvco*, 95 B.R. 724 (9th Cir. BAP 1989). In *Orvco*, the Ninth Circuit Bankruptcy Appellate Panel held that a lessor was required to prove its right to administrative expense status under Section 503(b)(1)(A) upon the rejection of its lease, including the reasonableness of its rent under that section. Accordingly, the Court had discretion to allow the claim in an amount representing less than the amount reserved for rent under the lease if the reasonable

value of the lease, considering the debtor's post-petition use of the leased space, was a lesser amount.

The parties agree that *Pacific–Atlantic* overrules *Orvco* to the extent that *Orvco* requires the lessor to prove the reasonableness of its rent. *Pacific–Atlantic* makes it clear that the lessor is entitled to allowance of an administrative claim for the full amount of the rent reserved under the lease, including CAM charges, until rejection of the lease. The debtor correctly points out, however, that *Pacific–Atlantic* does not resolve the other issues in this case, namely, (i) whether a lessor is entitled to interest, late fees and attorneys fees and costs, where these amounts are provided for by the terms of the lease, and (ii) whether the debtor must pay the lessor's administrative expense claim immediately rather than at the time other administrative expenses are ordinarily paid in the case.

B. *Interest, Late Fees and Legal Fees.*

Under *Orvco*, it could be argued that a lessor whose lease was rejected did not have the right to recover interest, late fees or legal fees as part of its administrative expense claim because these amounts could not be said to be "actual, necessary costs and expenses of preserving the estate." Section 503(b)(1)(A). Presumably, these amounts would be recoverable only where the debtor assumes the lease, and the amounts must be paid in order to cure defaults under the lease as required by Section 365(b)(1). *See, e.g., In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 (Bankr.C.D.Cal.1989).

Many courts have considered the language of Section 365(d)(3), however, and have concluded that both the legislative history of that section and the language of the section itself mandate that a lessor be paid interest, late fees, and legal fees incurred in the first 60 days of the bankruptcy case, provided these amounts are obligations of the debtor under the lease. *See, e.g., In re Washington Bancorporation*, 126 B.R. 130 (Bankr.D.D.C. 1991) (late fee of 1% per day allowed); *In re*

*Far West Corp. of Shasta County,* 120 B.R. 551 (Bankr.E.D.Cal.1990) (interest on unpaid lease obligations allowed); *In re Pacific Sea Farms, Inc.,* 134 B.R. 11 (Bankr.D.Haw.1991) (landlord entitled to reasonable legal fees); *In re Revco D.S., Inc.,* 109 B.R. 264 (Bankr. N.D.Ohio 1989) (lessor's attorneys fees allowed); *In re Narragansett Clothing Co.,* 119 B.R. 388 (Bankr.D.R.I.1990) (lessor's attorneys fees allowed). This Court believes that the foregoing cases are correctly decided.

The legislative history to Section 365(d)(3) makes it clear that Congress intended a landlord to be fully paid during the first 60 days of the case while the trustee or debtor in possession preserves the right to assume the lease.[2] The language of the statute itself is consistent with this intent. There are only three exceptions to the requirement that the trustee perform all obligations under the lease; those exceptions set forth in Section 365(b)(2), which are not applicable here. This Court therefore concludes that "all obligations" means just that. To the extent the Lease at issue here requires the payment of interest, late fees and attorneys fees and costs, PNGA may recover those amounts.

### C. *PNGA's Right to a Super-priority Claim.*

█ PNGA argues that Section 365(d)(3) requires immediate payment of unpaid rent and CAM charges, together with the other amounts to which it is entitled under the Lease such as interest, late fees and legal fees. Immediate payment would give PNGA a super-priority over other post-petition creditors of the debtor. The *Pacific–Atlantic* court expressly declined to rule on whether Section 365(d)(3) creates a super-priority claim in favor of a landlord.

The majority of courts addressing the super-priority issue have held that Section 365 does not create any kind of super-priority in favor of a landlord, and that the landlord is entitled to payment of its administrative ex-

pense claim when and to the extent that other administrative expense claimants are paid. *See, e.g., In re Granada, Inc.,* 88 B.R. 369, 375 (Bankr.D.Utah 1988); *In re Dieckhaus Stationers of King of Prussia, Inc.,* 73 B.R. 969, 973 (Bankr.E.D.Pa.1987); *In re Cardinal Industries, Inc.,* 109 B.R. 738, 740, 742 (Bankr.S.D.Ohio 1989); *In re Four Star Pizza,* 135 B.R. 498, 500 (Bankr.W.D.Pa. 1992); *In re Spiess,* 145 B.R. 597, 607–08 (Bankr.N.D.Ill.1992). A minority of courts have concluded that a landlord is entitled to super-priority and the immediate payment of amounts due under Section 365(d)(3). *See, e.g., In re Telesphere Communications, Inc.,* 148 B.R. 525 (Bankr.N.D.Ill.1992); *In re Rare Coin Galleries of America, Inc.,* 72 B.R. 415, 416 (D.Mass.1987); *In re Bio–Med Laboratories,* 131 B.R. 72, 74 (Bankr. N.D.Ohio 1991).

In this jurisdiction, the courts have followed *Orvco* as to payment of a landlord's claim after rejection of a lease. In *Orvco,* the appellate panel held that a landlord is not entitled to super-priority status under Section 365, and that in the absence of express language in the statute granting such status, the court may order payment of a landlord's claim only if there are sufficient funds in the estate to satisfy all administrative claims. If there are insufficient funds to pay all such claims, the landlord is entitled to a pro rata payment along with other administrative claimants. *Orvco,* at 728. *See also In re Western Farmers,* 13 B.R. 132 (Bankr. W.D.Wash.1981).

*Pacific–Atlantic* did not overrule *Orvco* on the super-priority issue. Therefore, *Orvco* is binding on this Court and PNGA is not entitled to immediate payment of its administrative expense claim unless it is shown that there are sufficient funds in the estate to pay the claim without jeopardizing full payment to all current and future administrative expense claimants.

█ The *Orvco* rule is consistent with the priority scheme for payment of claims under

---

2. For an exhaustive discussion of the legislative history to Section 365, *see* Glenn R. Schmitt, *The Bankruptcy Code Requirement of Compliance* *With Lease Obligations—Does " 'All' " Mean Everything?,* 10 N.Ill.U.L.Rev. 225 (1990).

the Bankruptcy Code. The general rule is that all administrative expense creditors must be treated with absolute equality unless a creditor agrees to subordinate its claims or unless the Code specifically provides otherwise.[3] *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1356 (9th Cir.1983). A landlord is free to move at the outset of a case for adequate protection of its right to have obligations under its lease kept current. If the adequate protection turns out to be insufficient, the landlord may then claim the statutorily prescribed super-priority set forth in Section 507(b).[4]

PNGA did not seek adequate protection of its interest under Section 365 at the outset of this case. Therefore, it is not entitled to super-priority treatment under either Section 507(b) or Section 365.

## CONCLUSION

The Court shall hold a further hearing to determine what amounts PNGA may recover on its administrative expense claim, consistent with the Court's holding above. The Court will determine at that hearing whether the assets of the estate are sufficient such that PNGA's administrative claim may be paid at this time without jeopardizing payment to other administrative claimants.

---

**3.** Where Congress has intended to alter the priority scheme established under Section 507, it has done so explicitly. *See* Section 364(c)(1). Had Congress intended to grant landlords a super-priority under Section 365, it could have so provided in the legislation.

**4.** While some courts have held that Section 365 is the exclusive remedy for landlords, Section 363(e) by its express terms authorizes an entity whose property is to be leased by the debtor to seek adequate protection. *See In re Sweetwater,* 40 B.R. 733 (Bankr.D.Utah 1984), *aff'd,* 57 B.R. 743 (D.Utah 1985) (landlord not entitled to adequate protection under Section 363); *see also In re Wheeling–Pittsburgh Steel,* 54 B.R. 385 (Bankr. W.D.Pa.1985). The majority view, however, is that the landlord may seek adequate protection under Section 363(e). *See, e.g., In re Attorneys Office Management, Inc.,* 29 B.R. 96 (Bankr. C.D.Cal.1983); *In re Richards Pontiac,* 6 B.R. 773 (Bankr.E.D.N.Y.1980); *In re A.L.S., Inc.,* 3 B.R. 107 (Bankr.E.D.Pa.1980).