**In re Edwin A. McCABE, Debtor.**

**Bankruptcy No. 94–14561–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

June 14, 1996.

Cheri L. Hoff, New York City, for Trustee.

James F. Wallack, Boston, MA, for DVPT Limited Partnership.

Joseph Braunstein, Boston, MA, Chapter 7 Trustee.

### MEMORANDUM OF DECISION ON MOTION OF DVPT LIMITED PARTNERSHIP FOR IMMEDIATE PAYMENT OF POSTPETITION RENT

CAROL J. KENNER, Chief Judge.

DVPT Limited Partnership, the Debtor's former landlord, has moved for an order directing the Chapter 7 Trustee to make immediate payment of $12,981.79 for postpetition rent and other charges that accrued under the Debtor's lease before it was rejected. The Chapter 7 Trustee, Joseph Braunstein, agrees that the landlord should have an allowed administrative claim in the amount demanded, but he also points out that the estate has insufficient funds to pay all administrative claims in full. He therefore opposes the motion, arguing that the landlord's claim should be paid only at the close of the case, when the extent of the estate's assets and allowed administrative claims will be known, and then only on a *pro rata* basis. Paying the claim in full would be tantamount to giving it undue priority over other administrative claims. The landlord responds that, to the contrary, the plain language of § 365(d)(3) of the Bankruptcy Code

mandates that postpetition rent obligations be paid ahead of other administrative claims, whether or not the estate is administratively solvent.

Section 365(d)(3) requires that the trustee "shall timely perform" those obligations of a debtor under a nonresidential lease of real property that arise after the order for relief and before the lease is assumed or rejected.[1] Moreover, it specifies that the trustee shall so perform those obligations "notwithstanding section 503(b)(1) of this title," the section governing allowance of administrative expenses. Several courts have held that this language mandates that, when the trustee or debtor in possession fails to pay postpetition rent timely and the lessor then moves to enforce this requirement of timely performance, the lessor is entitled to immediate payment, regardless of whether the estate is or may be administratively insolvent.[2] Others have held that although § 365(d)(3) requires timely payment in the first instance, it neither prescribes a remedy for nonpayment nor indicates that the resulting claim should have priority over other administrative claims. Absent a clear legislative ascription of superpriority status, the claim for rent should be treated as any other administrative claim, such that when the estate is administratively insolvent, the lessor is entitled to payment only on a *pro rata* basis.[3]

The arguments for these respective positions are well-developed and articulated in the cases and need not be rehearsed here.[4] See especially *In re Telesphere Communications, Inc.*, 148 B.R. 525 (Bankr.N.D.Ill.1992) (making the argument for immediate pay-

ment on a superpriority basis) and *In re Mr. Gatti's, Inc.*, 164 B.R. 929 (Bankr.W.D.Tex. 1994) (surveying the case law and answering the arguments in *Telesphere*). Both positions have much to recommend them, and, by the same token, neither is completely satisfactory. The Court holds that the better position, as articulated in *Telesphere*, is that § 365(d)(3) requires immediate payment, even where the estate is administratively insolvent. Where the statute expressly obligates the trustee to "timely perform," the remedy is implicit: performance of the obligation. Absent this remedy, the requirement of timely performance is, for the most part, eviscerated. Immediate payment does elevate rents payable under § 365(d)(3) to a higher priority than administrative expenses allowed under § 503(b)(1), but this is simply what § 365(d)(3) requires.

For these reasons, a separate order will enter allowing the motion.

### ORDER ON MOTION OF DVPT LIMIT-ED PARTNERSHIP FOR IMMEDIATE PAYMENT OF POSTPETITION RENT

For the reasons set forth in the separate memorandum of decision issued today, the Motion of DVPT Limited Partnership For Immediate Payment Of Postpetition Rent is hereby ALLOWED. The Trustee shall pay the movant $12,981.79 forthwith, but, if an appeal is taken, may move for stay of this order pending appeal.

---

**1.** Section 365(d)(3) provides (in relevant part):

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.
> 11 U.S.C. § 365(d)(3).

**2.** Perhaps the lead case for this position is *In re Telesphere Communications, Inc.*, 148 B.R. 525 (Bankr.N.D.Ill.1992). Other cases reaching the same conclusion include *In re Brennick*, 178 B.R. 305 (Bankr.D.Mass.1995); *In re Rare Coin Galleries of America, Inc.*, 72 B.R. 415 (D.Mass. 1987); and *In re Leisure Time Sports, Inc.*, 189 B.R. 511 (Bankr.S.D.Cal.1995); and the cases

collected in *In re Joseph C. Spiess Co.*, 145 B.R. 597 (Bankr.N.D.Ill.1992) at 607 n. 13.

**3.** The cases so holding include *In re MS Freight Distribution, Inc.*, 172 B.R. 976 (Bankr. W.D.Wash.1994); *In re Mr. Gatti's, Inc.*, 164 B.R. 929 (Bankr.W.D.Tex.1994); *In re Joseph C. Spiess Co.*, 145 B.R. 597, 606–608 (Bankr.N.D.Ill. 1992) and the cases collected therein at 608 n. 14.

**4.** Courts in this district have twice addressed this issue, in both cases resolving the matter in favor of the lessor. See *In re Rare Coin Galleries of America, Inc.*, 72 B.R. 415 (D.Mass.1987) and *In re Brennick*, 178 B.R. 305 (Bankr.D.Mass.1995). The First Circuit Court of Appeals has not addressed this issue.